### *Western District*
### No. 103

## NATHAN NIRENSTEIN, as Trustee of KELLOGG BUILDINGS REALTY TRUST

### v.

## KELLCO PRODUCTS, INC.

Argued: Apr. 30, 1973 - Decided: Apr. 30, 1973

*Present:*   Dudley, P.J., Gould, Cimini, JJ.
Case tried to *Walsh, S.J.,* in the District Court

of Springfield. Date of finding or decision appealed from: April 27, 1972. No. 212682.

**Gould, J.** This is an action of contract whereby the plaintiff lessor seeks recovery against the defendant lessee for the last two months of rent due under a written lease.

The lease covered the period from October 1, 1966 through September 30, 1970, and was payable in equal monthly payments of $515.00. During the first part of August, 1970, plaintiff received a check from the defendant for $515.00 purported to cover rent for August, 1970, and bearing an endorsement that it was for the last payment under the lease.

The plaintiff returned the check, refusing to accept it, and claimed the payment for the months of August and September, 1970.

Testimony indicated that there was negotiations between the parties for a renewal of this lease, but some time in mid or late July, 1970, the president of the defendant corporation advised the plaintiff that he was vacating the premises.

There was some testimony that subsequent to this advice, the plaintiff ordered the defendant to vacate the premises immediately. The trial court however, found under Special Findings of Facts that the plaintiff did not waive, change or vary the terms of the lease, and was not estopped to assert his rights thereunder. This finding was justified from a reading of the report.

The defendant at the close of the trial filed twelve requests for rulings.

The trial court denied requests number 1 through 8.

Requests 3 through 8 were denied as inconsistent with the facts found, and we find no prejudicial error in the denial of the defendant's requests for rulings number 1 through 8 inclusive.

Requests for rulings number 9 through 12 dealt with matters not specifically set forth or denied in the defendant's answer.

Requests for rulings number 9 asks for a finding that the claim of the plaintiff is based on a lease with John J. Kelly and Edward F. Kelly individually and not with a corporation. An examination of the lease, a copy of which was included with the report, indicated that the lessee was described as follows: John J. Kelly and Edward F. Kelly d/b/a Kellco Products, Inc. The lease was signed however, by the lessee as Kellco Products, Inc., by John J. Kelly (Pres.), and there was sufficient evidence to justify a finding that the lease was executed by the corporate defendant.

Interrogatory number 10, 11, 12 sough[t] rulings in effect, contesting the authority of an appropriate officer of the corporation in signing the defendant's lease.

We find no prejudicial error in the denial of requests for rulings number 10, 11, 12.

It is well settled within this Commonwealth

that the president of a corporation may bind the corporation as to a variety of actions of the corporation and in the absence of any allegations in the answer setting forth a lack of such authority, the trial court was justified in making its finding. [See: G.L.c.156B, §115 as amended by St. 1969, c. 245 binding corporation when signed by two officers].

The evidence indicated that this lease was in effect from October 1, 1966 and that monthly payments of rent were seasonably paid during the entire term of this lease except for the last two months, which are in contention in this action.

The trial court could well have found that the corporation was estopped from denying that the president lacked authority to sign the lease.

There was no error.

**Report dismissed.**

MICHELMAN & MORIARTY
RYAN & WHITE
  Counsel for Plaintiff

LOUIS KERLINSKY &
DAVID HIRSCHORN
  Counsel for Defendant